UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 OCT 17 AM 8:36

CLERK
BY AL
 DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. Nos. 5:22CR56-01 |
| ) | 5:22CR146-01 |
| ANDREW HOLLINS, ) | |
| A/K/A ANDREW JONES ) | |

**PLEA AGREEMENT**

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, ANDREW HOLLINS, agree to the following disposition of pending criminal charges.

1. HOLLINS agrees to plead guilty to Count 1 of Superseding Indictment 5:22CR56, which charges him with distributing cocaine, in violation of 21 U.S.C. § 841(a). He also agrees to plead guilty to Counts 1 and 9 of Indictment 2:22CR146, which charge him, respectively, with wire fraud, in violation of 18 U.S.C. § 1343, and concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

2. HOLLINS understands, agrees and has had explained to him by counsel that the crimes to which he will plead guilty are all felonies. The maximum punishment the Court may impose on the cocaine distribution count is 20 years of imprisonment, a fine of up to $1,000,000 and a term of supervised release of not

1

less than three years, all pursuant to 21 U.S.C. § 841(b)(1)(C). The maximum punishment on the wire fraud count is up to 20 years of imprisonment, pursuant to 18 U.S.C. § 1343; a fine of up to $250,000 or twice the gross gain or loss, whichever is greater, pursuant to 18 U.S.C. § 3571(b) and (d); and a term of supervised release of up to three years, pursuant to 18 U.S.C. § 3583(b). The maximum punishment on the money laundering count is up to 20 years of imprisonment and a fine of up to $500,000, pursuant to 18 U.S.C. § 1956(a)(1), and up to three years of supervised release pursuant to 18 U.S.C. § 3583(b). The Court must also impose a $100 special assessment on each count of conviction. HOLLINS further understands that the Court must order full restitution to any victim of any offense in an amount determined by the Court, pursuant to 18 U.S.C. § 3663A.

3. HOLLINS agrees to plead guilty because he is, in fact, guilty of each of these crimes.

4. HOLLINS understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

5. HOLLINS acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following

rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel - and if necessary have the court appoint counsel - at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

6. HOLLINS fully understands that, subject to the requirements of law and the Sentencing Guidelines, the sentence to be imposed upon him is within the discretion of the Court. He further understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement. The United States does not make any promises or representations as to what sentence HOLLINS will receive. The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and the

3

positions the United States may take regarding sentencing (except as specifically provided elsewhere in this agreement). The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

7. HOLLINS fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court and fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

8. HOLLINS agrees that he will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. HOLLINS promises that his financial statement and disclosures will be complete, accurate and truthful.

9. HOLLINS agrees to provide the Clerk's office, at the time this plea agreement is executed, a bank cashier's check, certified check, or postal money order payable to the Clerk, United States District Court, in payment for the mandatory special assessment of $300 for which he will be responsible when sentenced. He understands and agrees that, if he fails to pay the special assessment in full prior to sentencing, the sentencing recommendation obligations of the United States under this plea agreement will be terminated, and the United States will have the right to recommend that the Court impose any lawful sentence. Under such circumstances, he will have no right to withdraw his plea of guilty.

10. The United States agrees that in the event HOLLINS fully and completely abides by all conditions of this agreement, the United States will:

    a.    not prosecute him in the District of Vermont for any other criminal offenses known to the United States as of the date it signs this plea agreement, committed by him in the District of Vermont relative to his sales of narcotics on November 5 and 12, 2019 and December 4, 2019; his applications for Economic Injury Disaster Loans in July and August 2020; his laundering of the proceeds of those loans; and his misappropriation of

5

        the identities of the persons identified in Counts 11-13 of Indictment 5:22CR146;

  b.  recommend that HOLLINS receive two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction, and abides by the conditions of his release and further provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility;

  c.  move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above; and

  d.  move at the time of sentencing to dismiss the remaining counts in both indictments.

11.  HOLLINS understands that the Court may order sentences it imposes in these cases to run consecutively to any undischarged term of imprisonment that he may be serving at the time of sentencing.

12. HOLLINS understands that his guilty plea may result in the loss or denial, pursuant to 21 U.S.C. §§ 862 and 862a, of certain government benefits, including housing subsidies, food stamps and some Social Security benefits.

13. If the United States determines, in its sole discretion, that HOLLINS has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. HOLLINS understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

14. It is understood and agreed by the parties that should HOLLINS' plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and he may be prosecuted for any and all offenses otherwise permissible. HOLLINS also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this

plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

15.  It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

16.  Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement.

17.  HOLLINS expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, Michael Desautels, Esq.  HOLLINS further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement.  Furthermore, HOLLINS expressly states that he is fully satisfied with the representation provided by his attorney and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the

Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline § 1B1.3), and concerning the potential terms and conditions of supervised release.

18. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

Dated at Burlington, in the District of Vermont, this 17 day of October, 2024.

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

By: *[signature]*
GREGORY L. WAPLES
Assistant U.S. Attorney

10/14/2024
DATE

*[signature]*
ANDREW HOLLINS
Defendant

I have read, fully reviewed and explained this agreement to my client, ANDREW HOLLINS. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

10/14/2024
DATE

*[signature]*
MICHAEL L. DESAUTELS, ESQ.
Counsel for the Defendant

10